FILED
U.S. DISTRICT COURT


2009 OCT 23 A 11: 18

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DANIEL ALTHONE GRIFFIN,

    Petitioner,

v.                                CIVIL ACTION NO.: CV508-20

CHERYL PARSONS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Daniel Althone Griffin ("Griffin"), an inmate currently incarcerated at the Treutlen County Probation Detention Center in Soperton, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction obtained in the Superior Court of Charlton County. Respondent filed an Answer-Response and a Motion to Dismiss. Griffin has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Griffin's probation was revoked via a proceeding in the Charlton County Superior Court on January 29, 2007. Griffin filed a petition for writ of habeas corpus in the Treutlen County Superior Court on September 4, 2007. In that petition, Griffin asserted a court order was improperly prepared by the Waycross Probation Office in case numbers 02R-166 and 02R-180. Griffin also asserted he is being falsely imprisoned because a portion of his probation had already expired. (Doc. No. 9-2, p. 5). On February 14, 2008, a hearing was conducted on Griffin's state habeas corpus petition. (Doc. No. 9-2, p. 16). The Treutlen County Superior Court had not entered an order on Griffin's habeas corpus petition as of May 5, 2008. (Doc. No. 8-2, p. 2).

In the instant petition, which Griffin signed on February 28, 2008, and which was filed with this Court on March 3, 2008, Griffin asserts the Waycross Probation office improperly prepared orders in case numbers 02R-166 and 02R-180. Griffin also asserts he is being falsely imprisoned because he is serving a probation sentence that expired in July 2007. Griffin further asserts Judge Stephen Jackson "concluded" case numbers 02R-166 and 02R-166 as a concurrent 10 years' probation term. (Doc. No. 1, p. 6). Respondent asserts that Griffin's petition should be dismissed because he has failed to exhaust his available state remedies.

## DISCUSSION AND CITATION OF AUTHORITY

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Pope v. Rich, 358 F. 3d 852, 854 (11th Cir. 2004) (citing Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003)). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771

(11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) and (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Griffin contends he did not receive an adequate fact-finding procedure for his state habeas corpus petition. Griffin alleges the Honorable Stan Smith advised him that a decision would be rendered in two to three days after the evidentiary hearing on February 14, 2008. Griffin also alleges he asked the Warden to contact the Treutlen County Superior Court Clerk's Office regarding the status of his habeas corpus petition, and she told him the judge had not rendered a decision. Griffin further alleges the clerk for the Supreme Court of Georgia informed him that his petition, bearing case number S0801065, was docketed on March 12, 2008.

An evidentiary hearing was conducted on Griffin's state habeas corpus petition on February 14, 2008, which was only eight (8) months ago. Even if Judge Smith advised Griffin he would render a decision within a few days after the hearing, Judge Smith's failure to enter an order does not mean Griffin has exhausted his state court remedies. Griffin's situation is not one in which he has been made to suffer an "interminable" delay in receiving a ruling on his state habeas corpus petition such that Georgia's "corrective process can be deemed unavailable" or "ineffective". Cail v. Smith, 2006 WL 566106, *3-4 (S.D. Ga. March 6, 2006) (finding a state court's nine-year delay in ruling on the petitioner's motion for new trial "intolerable" and permitting the petitioner to proceed with his section 2254 petition). As to Griffin's assertion that a clerk from the Georgia Supreme Court informed him that a petition was filed in that court on March 12, 2008, the undersigned finds this assertion to be without merit. The undersigned was unable to locate the case number Griffin provided, and performing a search for the name "Griffin" revealed one entry on Mr. Griffin, case number S07D1843. This case was Griffin's discretionary appeal filed regarding the Charlton County Superior Court's determinations in case numbers 02R166 and 02R180[1] and has nothing to do with Griffin's state habeas corpus petition filed with the Treutlen County Superior Court. Assuming, *arguendo,* that Griffin in fact filed a pleading with the Georgia Supreme Court on March 12, 2008[2], Griffin still would not have exhausted his state remedies at the time he filed his federal petition. Griffin filed his federal habeas corpus petition with this Court on March 3, 2008, a mere two and one half (2 ½) weeks after the

---

[1] http://docketsearch.supreme.courts.state.ga.us/docket/DocketAdmin.

[2] This search revealed no person with the last name of Griffin filed a case with the Georgia Supreme Court in 2008.

evidentiary hearing in his state habeas corpus proceedings, and before he allegedly filed a petition with the Georgia Supreme Court. It is only after the Georgia courts have been able to address Griffin's claims that Griffin can file a petition in this court pursuant to section 2254. Griffin has not exhausted his state remedies.

### CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**, and Griffin's petition, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, without prejudice, due to Griffin's failure to exhaust his state remedies. Should Griffin receive unfavorable determinations in his state habeas corpus proceedings, he can still file a § 2254 petition in federal court after he has exhausted his state court remedies. Griffin is cautioned, however, that he must file a § 2254 petition within the statutory period set forth in 28 U.S.C. § 2244(d).

**SO REPORTED** and **RECOMMENDED** this 23rd day of October, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE